Pearson, J.
 

 The will of James Brown contains the following clause : “'I will and bequeath to my three sons, James L. Brown, Alexander Brown, and William M. Brown, the tract of land, whereon I now live, to be divided equally among them, Alexander to have the house, where 1 now live ; James to have the house where he now lives, and William to have his part on the East side of Cram Creek. It is further my will, that Alexander have a good dwelling house and kitchen built on William’s part, within ten years from the date of this will, and that, at the expiration of ten years, my son William shall have the right, either to take the part of the land on the east side of Cram Creek, or that part on which the house is situated, in which I now live, and to enable my son Al*
 
 *31
 
 exander to build the house and kitchen as aforesaid, I will him my negro man Primus and a wagon and four horses for the term of ten years as aforesaid.”
 

 The testator lived about eighteen months aftqr the. date of the will, and, upon his death, Alexander took the negro and wagon and horses in his possession and had the use of them. He also built a dwelling house and barn on the east side of the creek and has possession of the house, in which the testator lived and the land attached thereto. William has had the use and possession of the land on the east side of the creek. The barn was built instead of the kitchen by agreement. The bill was filed after the expiration of ten years from the date of the will.
 

 The plaintiff alleges, that the defendant has failed to build a good dwelling house, such as the testator intended, on the land on the east side of the creek ; but 911 tha contrary, has erected a log cabin not worth mora than $125, and that the use of the negro, wagon andrhorses has been worth to the defendant $1000. He further alleges, that he has elected to take the land on the east s,ide of the creek. The prayer is, that the defendant be decreed to account for the profits derived from the use qf the negro, wagon and horses, and pay the same to the plaintiff and for general relief.
 

 The defendant insists, that the house erected by him is, a. good dwelling house, worth $400, and avers, that it is such a house as was intended by the testator ; he says, the value of the negro, wagon and horses is greatly overrated by the plaintiff, and alleges, that the land, which he has, is of much less value, than the land on the east side of the creek, and that he has always been willing and is now ready to give up the land assigned to him and take the land on the east side of the creek, according to the intention of the testator, if the plaintiff elects to do so.
 

 We are satisfied from the evidence, that the house, which the defendant commenced building, would, provi
 
 *32
 
 ded it had been finished in a workmanlike manner, and made comfortable, have been the sort of house that was intended by the testator ; but it was left unfinished and the work put on it was not at all suitable ; it is not weather boarded, the floor, considering the materials and workmanship, scarcely deserved the name of a floor, and the inside work was not attempted.
 

 The plaintiff is clearly not entitled to the specific relief prayed for. The testator does not intimate an intention, that he should have the value of the services of the negro, wagon and horses in lieu of the house, but we think, he is entitled to compensation, and has a right to such an amount in money, with interest from the expiration of the ten years, as would hare been required to finish the dwelling house in a workmanlike manner, so as to make it comfortable.
 

 The defendant is greatly in error, if he supposes, he can refuse to build the house and keep the profits of the negro, wagon and horses, and acquit his conscience by offering to give up the land intended for him and take that of his brother. The testator intended to give the^election to the plaintiff, after a suitable house was built by the defendant, and it is a fraud upon this intention to refuse to build the house and thus cheat the plaintiff out of the right of election given to him, after the propert}' should be put in the condition directed by the will. There must be a reference to ascertain the amount that it would have cost to finish the house with good materials in a workmanlike manner, so as to make it comfortable.
 

 , Per Curiam. Decreed accordingly.